UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARNELL WESLY MOON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:15CV167 RLW |
| JOHN JORDAN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. The motion is granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

## The Complaint

At all times relevant to the complaint, plaintiff was confined in the Cape Girardeau County Jail (the "Jail"). He has since been released. Defendants are officials at the Jail. Plaintiff sues defendants in their individual and official capacities. He seeks monetary, declaratory, and injunctive relief.

Plaintiff alleges that defendants exposed him to unsanitary conditions and denied him basic hygiene items; that defendants allowed personal correspondence by postcards only; that defendants did not allow him to read books, including the Holy Qur'an (he is Muslim); that defendants did not allow him to pray in the manner prescribed by his religion; that defendants did not provide him with the services of an Imam; that defendants did not provide him with nutritious food, causing him to lose weight; that defendants refused to supply him with a proper law library, which prevented him from filing a contemplated case; and that defendants retaliated against him for filing grievances by placing him in administrative segregation.

## Discussion

Plaintiff's official-capacity claims are predicated on his request for injunctive relief. However, his request for injunctive relief is moot because he has been released from confinement. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or

custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, plaintiff's official-capacity claims are dismissed.

In general, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, the complaint does not contain allegations sufficiently specific to permit the identity of "John Does 1-15" to be ascertained after reasonable discovery. As a result, the Court will dismiss these defendants without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's official-capacity claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that defendant John Does 1-15 are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on the named defendants in their individual capacities.

An Order of Partial Dismissal will be filed separately.

Dated this 28th day of September, 2015.

/s/ Ronnie L. White
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE