# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DARNELL WESLY MOON., | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 1:15-CV-167 RLW |
| JOHN JORDAN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se plaintiff Darnell Wesly Moon's Second Motion for Appointment of Counsel (ECF No. 40) and Motion to Add Additional Parties (ECF No. 41). The Court will construe Moon's Motion for Appointment of Counsel as a motion for service of subpoenas by the United States Marshals Service, in addition to a request for counsel.

A. Motion for Appointment of Counsel

In Plaintiff's Second Motion for Appointment of Counsel, Moon claims that "[w]ithout the assistance of counsel, there is no way ... that the plaintiff can conduct depositions on the defendants." (ECF No. 40). Moon's statement, however, is incorrect. Fed. R. Civ. P. 26(b)(1) provides, ""Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The Court, however, has the "discretionary power to refuse to subpoena witnesses and to prevent abuse of its process in both

civil and criminal proceedings." *Manning v. Lockhart*, 623 F.2d 536, 539 (8th Cir. 1980) (per curiam). This power should be exercised to protect the resources of the Court and the Marshals Service, and to prevent harassment and undue expense of other parties and non-parties. *See, e.g., Lloyd v. McKendree*, 749 F.2d 705, 707 (11th Cir. 1985).

Courts exercising inherent supervisory power over in forma pauperis subpoenas generally consider factors such as the relevance and materiality of the information requested and the necessity of the particular testimony or documents to proving the indigent's case. *See Jackson v. Brinker*, 1992 WL 404537, at *6 (S.D. Ind. Dec. 21, 1992); *Tuvalu v. Woodford*, 2006 WL 3201096, at *5 (E.D. Cal. Nov. 2, 2006) ("[A] party's ability to use a subpoena duces tecum is circumscribed by the relevance standards of Federal Rule of Civil Procedure 26(b)(1)[.]" When reviewing subpoenas duces tecum directed to non-parties, a court should also examine issues related to the expected compliance costs in light of Rule 45(c)(2)(B)'s provision that non-parties be protected against significant expense. *Jackson*, 1992 WL 404537, at *5.

> If a court finds that an indigent party's requests for issuance and service of subpoenae duces tecum directed to a non-party is frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process, the court may relieve the Marshals Service of its duty under § 1915(c) to serve the subpoenae.

*Id.* at *7.

Moon may request subpoenas from the Court. The Court, however will require Moon to demonstrate the relevance or materiality to the present case of the subpoenas and/or documents sought.

Finally, although Moon has been granted in forma pauperis status under 28 U.S.C. § 1915, nothing in the statute authorizes or permits the Court to waive the expense requirements of Rule

45. *See generally McNeil v. Lowney*, 831 F.2d 1368, 1373 (7th Cir. 1987), *cert. denied*, 485 U.S. 965 (1988); *Badman v. Stark*, 139 F.R.D. 601, 605-06 (M.D. Pa. 1991); *Leadbetter v. City of Fort Wayne*, 2007 WL 2323109, at *2 n.2 (N.D. Ind. Aug. 10, 2007) (citing cases). If Moon were required to file a motion to compel, or if the subpoenaed parties objected to the subpoenas, the Court could condition an order requiring document production upon Moon's advancing the copying costs for those documents. Nothing in the record provides the Court with a basis to conclude that Moon has the ability to provide for the costs of his requested discovery.

The Clerk of the Court will be directed to send Moon ten blank subpoena forms. Moon may fill out the forms and return them to this Court for service as appropriate. Moon should not sign the subpoenas, which will be signed by the Clerk after they are returned to the Court. If Moon chooses to submit any subpoenas *duces tecum* to this Court, he must also submit a memorandum which explains as to each subpoena (1) why the documents he seeks are relevant to his case, (2) why he believes the entity or individual subpoenaed has possession of relevant documents, and (3) how he will provide the necessary costs, if any, related to document productions.

Moon is cautioned that before he serves a Rule 45 subpoena *duces tecum*, he must serve the defendant with a notice that the subpoena will be issued. *See* Rule 45(b)(1). Failure to comply with the prior notice requirement could result in the imposition of sanctions, including the exclusion of any evidence produced or the imposition of monetary sanctions. *See* 9 James Wm. Moore, et al., *Moore's Federal Practice*, § 45.21[3][a] (3d ed. 2009). Adequate notice requires Moon to specifically identify the entities or persons he seeks to subpoena, and the documents he is

requesting. Otherwise, the defendant is not given a reasonable opportunity to object to the production. *See id.*

B. Motion to Add Additional Parties

In the Motion to Add Additional Parties, Moon asks the Court to stay the deadline for joinder of additional parties until he has time to identify some unknown individuals as defendants. (ECF No. 41). This Court has already granted Moon leave to file an Amended Complaint and extended the deadlines in this case. The Court will not permit an open-ended deadline for Moon to potentially identify more defendants. Moon *may* be permitted to amend the complaint upon a motion showing good cause. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Moon's motion is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Second Motion for Appointment of Counsel (ECF No. 40) is **DENIED**, in part, and **GRANTED**, in part. The Court will not appoint counsel for Plaintiff.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send ten blank "Subpoena in a Civil Case" forms to plaintiff.[1]

**IT IS FURTHER ORDERED** that if plaintiff submits any subpoenas *duces tecum* to this Court, he must also submit a memorandum which explains as to each subpoena (1) why the documents he seeks are relevant to his case, (2) why he believes the entity or individual subpoenaed has possession of relevant documents, and (3) how he will provide the necessary costs, if any, related to document production.

---

[1]For purposes of Rule 45 document production, plaintiff should only check the box on the subpoena form by the statement, "YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):".

**IT IS FINALLY ORDERED** that Motion to Add Additional Parties (ECF No. 41) is **DENIED**, without prejudice.

Dated this 28th day of February, 2017.

                                                                                  RONNIE L. WHITE
                                                                                   UNITED STATES DISTRICT JUDGE