UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DARNELL WESLEY MOON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15CV167 RLW |
| | ) | |
| JOHN JORDAN, SHERIFF, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 43), Plaintiff's Second Motion to Reset/Amend Scheduling Order (ECF No. 44), and Plaintiff's Motion to Stay Summary Judgment Proceeding (Pending Resolution of Discovery and Pending Motions) Pursuant to Fed. R. Civ. P. 56(f) (ECF No. 56).

In the Motion to Compel and the Motion to Reset/Amend the Scheduling Order, Plaintiff Darnell Wesley Moon ("Moon") requests that this Court afford him additional time to conduct discovery, which he claims is relevant to his defenses to Defendants' Motion for Summary Judgment. The Court notes that Moon has conducted significant and detailed discovery. Most recently, Moon submitted discovery requests on February 21, 2017 requesting production of documents, and Defendants responded on March 2, 2017. Defendants provided Moon with his booking detail report, booking release report, medical history, inmate property list, property issued log, various grievances filed by Moon and against Moon, the commissary property destruction policy, the commissary account information, a chronological observation list for individuals in segregation cell and various inmate request forms and grievance forms. The deadline for conducting discovery was May 1, 2017. (ECF No. 37). Moon has had multiple opportunities to

request any outstanding discovery, but he has failed to do so. Likewise, the Court has given Moon time to add additional parties, but he has not. Moon did nothing in between his request for documents on February 21, 2017 and his Motion to Compel, which was filed on May 1, 2017.

Further, the requests in the Motion to Compel are all overbroad and not related to the issues at hand. Defendants have already provided grievances related to Moon's claims. Grievances related to other inmates are irrelevant. Likewise, documents related to the creation of the postcard-only policy are irrelevant to whether said policy violates Moon's First Amendment rights. Finally, Moon's request for all documents related to the Jail's contract with Aramark Food services is overbroad and unduly burdensome, particularly in that it fails to limit itself to Moon's claim that he was denied a Halal diet. Therefore, the Court denies the Motion to Compel on the merits.

In sum, the Court holds that Moon is seeking simply to delay the Court advancing this litigation and ruling on Defendants' Motion for Summary Judgment. The Court finds no basis for granting Moon additional time to conduct discovery or to delay ruling on Defendants' fully briefed Motion for Summary Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that on Plaintiff's Motion to Compel (ECF No. 43), Plaintiff's Second Motion to Reset/Amend Scheduling Order (ECF No. 44), and Plaintiff's Motion to Stay Summary Judgment Proceeding (Pending Resolution of Discovery and Pending Motions) Pursuant to Fed. R. Civ. P. 56(f) (ECF No. 56) are **DENIED**.

Dated this 9th day of November, 2017.

Ronnie L. White
_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE